**CLINCHFIELD COAL COMPANY,**
**Petitioner,**

v.

**Verba C. FLEMING, widow of Jack C. Fleming, and Director, Office of Workers' Compensation Programs, Respondents.**

**No. 78–1043.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 23, 1979.

Decided Sept. 21, 1979.

Elizabeth S. Woodruff, Abingdon, Va. (Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief) for petitioner.

Lee D. Richardson, U.S. Dept. of Labor, Washington, D.C. (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Washington, D.C., on brief), for respondent Director, Office of Workers' Compensation Programs; (Hugh P. Cline, Cline, McAfee, Adkins & Gillenwater, Norton, Va., on brief), for respondent Fleming.

Before BUTZNER, HALL and PHILLIPS, Circuit Judges.

PER CURIAM:

Clinchfield Coal Company appeals the award of black lung benefits allowed pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.*, to Verba Fleming, widow of an employee. The Benefits Review Board affirmed the hearing officer's conclusion that Jack Fleming was totally disabled by pneumoconiosis at the time of his death.[*] We affirm.

Jack C. Fleming, the claimant's deceased husband, worked approximately twenty-three years as an underground coal miner for Clinchfield. At the time of his death,

[*] *Fleming v. Clinchfield Coal Co.*, 7 BRBS 302 (1977).

he was suffering from simple pneumoconiosis, emphysema, bronchitis, bronchopneumonia, and lung cancer. He last worked on November 8, 1973, and soon afterwards was informed of his terminal lung cancer. The immediate cause of his death on February 7, 1974, was acute bronchogenic carcinoma of the lung. The autopsy also disclosed "moderate anthracosis, bilateral (consistent with simple coal workers pneumoconiosis)."

The Benefits Review Board has held that lung cancer cannot be a respiratory or pulmonary impairment when diagnosed as the sole cause of total disability. *Lawson v. Island Creek Coal Company*, 5 BRBS 524, 530 (1977). In contrast, the treating physician in this case testified that pneumoconiosis was a cause of the respiratory impairment that disabled Fleming. He considered the lung cancer a contributing factor. The doctor also expressed the opinion that the pneumoconiosis predisposed Fleming to the lung cancer. This evidence and Fleming's length of employment satisfy the prerequisites for the fifteen year presumption of § 411(c)(4) of the Act, 30 U.S.C. § 921(c)(4). Clinchfield failed to rebut this presumption by contrary medical evidence that (1) Fleming did not have pneumoconiosis or (2) his respiratory impairment did not arise out of his employment. With respect to the second issue, Clinchfield introduced no medical evidence that Fleming's pneumoconiosis did not predispose him to lung cancer.

We are satisfied that substantial evidence supports the finding that Fleming was totally disabled by pneumoconiosis. Consequently, we find it unnecessary to consider the Board's alternate finding of death due to pneumoconiosis.

*AFFIRMED.*